Shirley FRANZEL; and Fred Franzel, Plaintiffs–Appellants,

v.

KERR MANUFACTURING COMPANY, Defendant–Appellee.

No. 89–1929.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 17, 1991.

Decided March 26, 1992.

Allen J. Counard (argued and briefed), Trenton, Mich., for plaintiffs-appellants.

Donald A. Van Suilichem (argued and briefed), Van Suilichem & Brown, Bloomfield Hills, Mich., for defendant-appellee.

Before: KEITH and NORRIS, Circuit Judges; and JOHNSTONE, District Judge.*

* The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

ALAN E. NORRIS, Circuit Judge.

Plaintiffs, Shirley and Fred Franzel, appeal a judgment in favor of defendant, Kerr Manufacturing Company, on various employment related claims. Because the overriding issue on appeal concerns the subject-matter jurisdiction of the district court after removal of the claims from a state court, an issue which was not raised before the trial court and has not been directly addressed in our circuit, we discuss it below. All other issues raised by the appeal are addressed in an unpublished appendix to this opinion. [Editor's Note: Appendix has been omitted from publication by the court.]

I.

According to both the unverified complaint filed in state court and defendant's verified petition for removal, plaintiffs are citizens of the State of Michigan. The complaint alleges that defendant is a "New Jersey corporation ... doing business in ... Michigan." The petition for removal, however, says defendant "is a Delaware corporation with its principal place of business in ... New Jersey and ... is not a citizen of ... Michigan." The complaint names "Kerr/Division of Sybron Corporation" as the defendant, while the petition for removal refers to "Kerr Manufacturing Company, a subsidiary of Sybron Corporation, a Delaware corporation." Neither document alludes to whether Kerr is a separately incorporated subsidiary.

Shirley Franzel accepted a position as a sales representative with defendant in 1981, and was promoted to district manager two years later. While she was considered an excellent salesperson, defendant terminated her employment in 1986, due to what the company considered deficiencies in her managerial skills.

In response to the termination, plaintiffs filed a complaint in the Wayne County, Michigan, Circuit Court, alleging wrongful discharge, negligent evaluation, sex discrimination, sexual harassment, retaliation, and loss of consortium. Upon a timely petition by defendant, the action was removed to the United States District Court for the Eastern District of Michigan on the basis of diversity of citizenship, and plaintiffs did not seek to remand the case to state court.

The district court granted summary judgment for defendant on the negligent evaluation, sex discrimination, and harassment claims. Following a twenty-one day trial, the jury decided all the remaining claims in favor of defendant.

II.

*Subject–Matter Jurisdiction: Diversity*

■ On appeal, plaintiffs for the first time argue that the district court lacked subject-matter jurisdiction because diversity of citizenship was lacking. They contend that defendant's principal place of business was not New Jersey, as stated in the removal petition, but rather Michigan, since the company's "worldwide headquarters and United States manufacturing operations are housed in facilities in Romulus, Michigan."

District courts have original jurisdiction over civil actions between citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is deemed a citizen of any state by which it has been incorporated, and of any state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A multi-state corporation therefore is invested with dual citizenship—it "must be treated as a citizen both of its state of incorporation and of the state of its principal place of business." *Schwartz v. Electronics Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir.1990). Accordingly, even though defendant may be incorporated in Delaware or New Jersey, if its principal place of business is in Michigan, diversity is lacking, since plaintiffs are citizens of Michigan.

■ While it offends one's sense of fairness and disrupts the efficient administration of the courts when a party waits for an unfavorable outcome before questioning subject-matter jurisdiction, a long line of federal cases accords unique status to challenges to subject-matter jurisdiction. *See, e.g., Insurance Corp. of Ireland v. Com-*

*pagnie Des Bauxites De Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); *California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972) (parties may not confer subject-matter jurisdiction upon the court by consent); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (principles of estoppel may not be used to confer subject-matter jurisdiction on a court that would otherwise lack it). Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself.[1] *Von Dunser v. Aronoff,* 915 F.2d 1071, 1074 (6th Cir.1990).

■ Where a case is tried on the merits without objection, and the federal district court enters judgment, the issue of subject-matter jurisdiction is cognizable upon appeal. *Von Dunser,* 915 F.2d at 1074. Defendant argues, however, that because the facts alleged in its removal petition were not disputed at the trial level, they have become the unchallenged findings of fact of the district court, and as such are not subject to review on appeal. That argument would be more persuasive if we were faced with a situation where an action was filed originally in the district court and the complaint alleged specific facts supporting diversity, and the answer failed to deny those averments. There it might be argued that the facts supporting diversity were conclusively admitted. *See* Fed. R.Civ.P. 8(d); *Von Dunser,* 915 F.2d at 1075. However, unchallenged facts alleged in a removal petition do not rise to that level, because, unlike an original complaint, a removal petition does not require responsive pleading. Failure to contest facts alleged in such a petition cannot be considered an admission. Thus, we are faced with a situation where diversity facts have not been admitted and have not been the subject of fact-finding by the district court, and where plaintiffs may not be barred by

waiver or estoppel from raising the jurisdictional issue even at this late stage.

The appropriate remedy is to remand the matter to the district court to sort out the relevant facts and make a factual determination concerning diversity. *See Von Dunser,* 915 F.2d at 1076.

### III.

For the reasons stated in the unpublished appendix to this opinion, we affirm the district court's disposition of the other issues raised by this appeal. Accordingly, should the district court determine that it had diversity jurisdiction, the judgment from which plaintiffs appeal is affirmed.

---

1. Fed.R.Civ.P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."