995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara McCLINTON, Plaintiff-Appellant,
v.
VICKERS CORPORATION, Defendant-Appellee.
 No. 92-1927.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1993.
 
 Before: JONES, BATCHELDER, Circuit Judges; ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Barbara McClinton filed suit against defendant Vickers Corporation in state court, alleging that the company violated the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1101, and intentionally inflicted emotional distress on her. Vickers removed to federal court based on diversity of citizenship of the parties. The district court granted Vickers' motion to dismiss for failure to state a claim upon which relief can be granted, and denied plaintiff's request for leave to amend her complaint. McClinton now appeals.
 
 
 2
 Because it is unclear whether we have jurisdiction over this matter, we remand to the district court for an evidentiary hearing and a determination of whether diversity jurisdiction exists. We, however, retain jurisdiction over the appeal, and should the district court find that diversity exists, we will address the merits of the appeal.
 
 
 3
 District courts have jurisdiction over matters between citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation has dual citizenship and is a citizen of its state of incorporation and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, a multi-state corporation has dual citizenship and is " 'treated as a citizen both of its state of incorporation and of the state of its principal place of business.' " Franzel v. Kerr Mfg. Co., 959 F.2d 628, 629 (6th Cir.1992) (quoting Schwartz v. Electronics Data Sys., Inc., 913 F.2d 279, 284 (6th Cir.1990)).
 
 
 4
 Defendant removed this case to federal court based on diversity of citizenship. 28 U.S.C. § 1332. The removal petition alleges that defendant is incorporated in Delaware with its principal place of business in Ohio and not in Michigan. Plaintiff is a citizen of Michigan. Plaintiff, however, noted in a footnote in her brief to this Court that she has a valid challenge to diversity jurisdiction. Upon questioning at oral argument, plaintiff's counsel stated that he had requested discovery as to whether there was diversity jurisdiction, but that the motion to dismiss was granted before he received responses to this discovery. Counsel stated that he believed that plaintiff could show that Vickers has its principal place of business in Michigan, thus destroying diversity.
 
 
 5
 Subject matter jurisdiction may be raised any time, by any party or sua sponte by the court itself. Franzel, 959 F.2d at 630. No action of the parties can confer subject matter jurisdiction upon a federal court, and jurisdiction cannot be conferred through the principles of consent, waiver or estoppel. See id. at 630 (citing cases). Failure of a party to contest the facts alleged in a removal petition cannot be considered an admission of diversity jurisdiction because such a petition requires no response. Id.
 
 
 6
 If the district court lacks jurisdiction over this case, we also lack jurisdiction to hear the merits of the appeal. Therefore, we remand to the district court for an evidentiary hearing on the question of diversity jurisdiction and a factual determination concerning diversity. Since we have received briefs and heard argument on the merits of the case, we retain jurisdiction over the case so that in the event that the district court determines that there is diversity, we then will address the merits of the case.