14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Shirley FRANZEL; and Fred Franzel, Plaintiffs-Appellants,
v.
KERR MANUFACTURING COMPANY, Defendant-Appellee.
 No. 92-2440.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges; CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Shirley Franzel and Fred Franzel, appeal from the district court order which dismissed their lawsuit for lack of jurisdiction and refused their request to impose sanctions against defendant, Kerr Manufacturing Company. They assign as error the court's failure to impose sanctions.
 
 
 2
 When plaintiffs' cause was previously before this court on appeal from a verdict for defendant, they argued for the first time that the district court had lacked diversity jurisdiction. Plaintiffs, citizens of the State of Michigan, contended that defendant was also a citizen of Michigan, not of New Jersey, as it had stated in its petition for removal. We reluctantly agreed that, if plaintiffs' assertions were correct, then there was no diversity of parties, and concluded that "[t]he appropriate remedy is to remand the matter to the district court to sort out the relevant facts and make a factual determination concerning diversity." Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992).
 
 
 3
 Upon remand, defendant conceded that the district court lacked diversity jurisdiction in view of a change in its corporate structure that had occurred at nearly the same time as it sought removal from state court.
 
 
 4
 The district court conducted a hearing on plaintiffs' request for sanctions, which plaintiffs contended were warranted since defendant sought removal when it was not entitled to claim the benefit of federal court jurisdiction. The court concluded that defendant's conduct should not be the subject of sanctions, in view of the circumstances which existed at the time the petition for removal was filed. The court also noted that if it were to hold defendant culpable, then plaintiffs' counsel should also be deemed culpable in view of his failure to pursue in a timely manner suspicions and concerns about the lack of jurisdiction.
 
 
 5
 The record supports the district court's denial of sanctions. When a court considers whether counsel or a party has signed a paper in violation of Fed.R.Civ.P. 11, the conduct in question is to be examined in the context of whether it was reasonable under all the circumstances. INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied, 484 U.S. 927 (1987). The district judge properly avoided reliance upon what had become clear only with the benefit of hindsight, and concentrated on determining whether the beliefs and understandings of those who acted on behalf of defendant were reasonably held at the time the petition for removal was submitted.
 
 
 6
 Because plaintiffs have failed to demonstrate that the district court abused its discretion, we affirm the order of October 15, 1992, dismissing plaintiffs' lawsuit for lack of jurisdiction and refusing to impose sanctions. The costs of proceedings in this court are taxed to the parties, equally.