21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Linda ADKINS, et al., Plaintiffs-Appellants,
v.
EXCEL COLLEGE OF CORBIN, INC., doing business as Excel
College; Robert Wiley, Defendants,
Huntington Federal Savings and Loan Association, Defendant-Appellee.
 Nos. 93-5138, 93-5139.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs, all former students of Excel College, allege that the defendant, Huntington Federal Savings and Loan Association ("Huntington") knew about the fraudulent operations of the co-defendants, Excel College and its sole shareholder, Robert Wiley, but nonetheless continued to make student loans to the plaintiffs to attend Excel College. Huntington removed this case to federal court, pursuant to 28 U.S.C. Secs. 1331 and 1441(b)[1], and moved to dismiss the plaintiffs' suit for failure to state a claim under the Higher Education Act. The district court granted Huntington's motion and the plaintiffs appeal this order.
 
 
 2
 We hold that the case was improperly removed to federal court and the district court lacked subject matter jurisdiction to hear this case. Thus, we instruct the district court to remand this action to state court.
 
 
 3
 * This action was originally filed in Knox Circuit Court, Kentucky, in October 1990. The plaintiffs were students of Excel College of Corbin, a business college formerly located at the Tri-County Shopping Center in Corbin. In their original complaint, the plaintiffs named Wiley and Excel College as defendants. The plaintiffs alleged that the defendants committed fraud on the plaintiffs by inducing them to enroll in Excel College; by using false and misleading advertisements to induce them to enroll at the school; by advising the plaintiffs that if they enrolled, the credits they earned would be transferable credits; and by assisting the plaintiffs in arranging for federally insured student loans. The plaintiffs also alleged that they later learned that none of their credits were transferable and that the education that they received was not a "quality education." The plaintiffs sought compensatory damages for tuition paid, damages for lost educational opportunities, punitive damages, and rescission of all student loan agreements.
 
 
 4
 The case languished in state court for sixteen months. Excel College was administratively dissolved in November 1990 and never entered an appearance in the action. Wiley answered the original complaint, but that was his sole appearance. The case was revived, however, in February 1992 when the plaintiffs filed a second amended complaint.
 
 
 5
 This second complaint was essentially the same as the first complaint, except that the plaintiffs named Huntington as a co-defendant. The plaintiffs alleged that Huntington knew that Wiley and Excel were involved in fraudulent operations by virtue of prior litigation in Johnson County Circuit Court. The plaintiffs also alleged that Huntington allowed Wiley and Excel College to act as its agents in soliciting federally insured loans from the majority of plaintiffs and that the plaintiffs could not have attended Excel College but for Huntington's help in securing federal loans.
 
 
 6
 Huntington filed a notice of removal pursuant to 28 U.S.C. 1441(b) and invoked federal jurisdiction under 28 U.S.C. Sec. 1331. Huntington claimed that the students' state claims were preempted by the Higher Education Act of 1965 ("HEA"), 20 U.S.C. Secs. 1001-1240. Huntington did not join Wiley or Excel College in the notice of removal since Excel College no longer existed and Wiley could not be located. Huntington then moved for dismissal on the grounds that the plaintiffs had failed (1) to state a claim upon which relief could be granted; (2) to allege fraud with particularity; (3) to plead with the specificity required to put Huntington on notice of the claims against it; and (4) to join indispensable parties.
 
 
 7
 The district court dismissed Huntington as a defendant. The court found that the HEA preempted state law claims against Huntington. The court also found that even if the HEA did not preempt the plaintiffs' claims, the plaintiffs had nonetheless failed to satisfy the particularity requirement of Fed.R.Civ.P. 9(b) for pleading fraud. The court remanded the remaining state claims against Wiley and Excel College to state court.
 
 II
 
 8
 A threshold issue, not raised by the parties in their briefs, is whether this court has subject matter jurisdiction over this action. Although the plaintiffs have not contested the jurisdiction of the federal district court, we choose to raise the issue sua sponte. "[S]ubject-matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992).
 
 
 9
 Generally a district court applies the "well-pleaded complaint" rule to determine if it has subject matter jurisdiction over a case removed from state court. See Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 153, 29 S.Ct. 42, 43 (1908). The district court must look to the plaintiffs' complaint to determine if a federal question is present; the presence of a defense based on federal law is insufficient to confer subject matter jurisdiction on the court. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10-11, 103 S.Ct. 2841, 2846-47 (1983).
 
 
 10
 "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987). "[P]re-emption, without more, does not convert a state claim into an action arising under federal law." Id., 481 U.S. at 64, 107 S.Ct. at 1547.
 
 
 11
 In Metropolitan Life, the United States Supreme Court made it clear that removal based on federal preemption is proper only when Congress has "singled out" certain claims for preemption. 481 U.S. at 64, 107 S.Ct. at 1546. The Court listed Sec. 301 of the Labor Management Relations Act and Sec. 502(a) of the Employee Retirement Income Security Act ("ERISA") as examples of cases where removal based on federal preemption is proper. The court indicated that it was generally reluctant to find that a statute has the "extraordinary pre-emptive power ... that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." 481 U.S. at 65, 107 S.Ct. at 1547.
 
 
 12
 In this case, we hold that the HEA does not have the preemptive force necessary to turn the plaintiffs' ordinary state claims into federal claims. Here, the plaintiffs alleged that "the defendants instructed the plaintiffs and actively participated with them in arranging for government sponsored federally insured loans, and grants...." (Emphasis added.) In its notice of removal, Huntington argued that this paragraph referred unequivocally to the HEA and that the HEA completely preempted state claims against lenders who make loans under the Guaranteed Student Loan Program.[2] Huntington argued that state claims were preempted because Congress enacted a pervasive scheme to regulate these loans and left no room for state regulation.
 
 
 13
 As the Supreme Court indicated in Metropolitan Life, the mere existence of a pervasive federal scheme under the HEA does not confer federal jurisdiction simply because Huntington pleads preemption as a defense to the plaintiffs' claims. Huntington has failed to point to any passage in the HEA that suggests the statute has the "extraordinary preemptive power" necessary to confer federal jurisdiction in this case. In the absence of such a showing, we hold that Kentucky's state courts are equally capable of determining Huntington's preemption defense and that any federal interest raised in this case is adequately protected by review, if necessary, in the United States Supreme Court. Pan Am. Petroleum Co. v. Superior Court, 366 U.S. 656, 665, 81 S.Ct. 1303, 1308 (1961).
 
 
 14
 Although the district court thoroughly analyzed cases holding that the HEA may preempt state law claims in situations such as this one, the court failed to note that, in those cases, the courts' jurisdiction was apparently based either on the plaintiffs' well-pleaded complaints or on 28 U.S.C. Sec. 1332, diversity of citizenship. The district court erred when it determined that a preemption defense, without more, was sufficient to confer subject matter jurisdiction over this case. Accordingly, we REMAND to the district court with instructions to VACATE its order and to remand this case to state court.
 
 
 
 [1]
 28 U.S.C. Sec. 1441(b) provides, in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or a right arising under ... laws of the United States shall be removable without regard to the citizenship or residence of the parties."
 
 
 [2]
 This loan program was renamed the "Robert T. Stafford Student Loan Program" in 1988