107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fairley PIERCY, Sr., Plaintiff-Appellant,
v.
Judge Randall BENTLEY; Judge Benjamin Dickinson; Sherry
Cooper; Robert M. Alexander; Judge Barlow Ropp; Barney
Jones, Barren County Sheriff; Joseph Priore; Carey Eaton;
Judge Phillip Patton; Betty Harwood, Defendants-Appellees.
 No. 96-5233.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 Fairley Piercy, Sr., appeals a district court judgment dismissing his civil complaint for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Piercy filed his complaint in the district court alleging that he was wrongly charged with custodial interference after four children were removed from his custody by state authorities. Plaintiff named as defendants three state-court judges, two private attorneys, two social workers, a state prosecutor, a county sheriff, and the Cave City, Kentucky, chief of police, all in unspecified capacities. Plaintiff sought: "a. Investigation, b. Justice, c. Criminal Charges filed against individuals, d. Reclaim what I lost, which was goats, Back Hole (sic) service and Attorney Fees." The district court dismissed the complaint sua sponte for lack of subject matter jurisdiction and certified that an appeal would not be taken in good faith. This court denied plaintiff leave to proceed in forma pauperis, and plaintiff paid the appellate filing fee.
 
 
 4
 On appeal, plaintiff has submitted a pro se brief in which he challenges various aspects of the district court's judgment and the state criminal proceedings. Defendants respond that the plaintiff's appeal is frivolous and request sanctions. Upon consideration, we affirm the district court's judgment for the reasons stated in its memorandum opinion and order entered February 2, 1996.
 
 
 5
 Generally, a dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) will be reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). The district court may consider its subject matter jurisdiction sua sponte pursuant to Fed.R.Civ.P. 12(h)(3). See Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 n. 1 (6th Cir.1992). Moreover, a district court may dismiss a complaint for lack of subject matter jurisdiction where the complaint is plainly without merit. Hagans v. Levine, 415 U.S. 528, 536-38 (1974). Here, the district court correctly concluded that it lacked subject matter jurisdiction over plaintiff's complaint.
 
 
 6
 As noted by the district court, plaintiff identified no basis for federal subject matter jurisdiction in his complaint. Diversity of citizenship jurisdiction does not exist because plaintiff and all defendants are citizens of Kentucky. See 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). While the complaint appears best read as attempting to assert a civil rights action under 42 U.S.C. § 1983, the claims asserted are not cognizable under § 1983 because the state court conviction for custodial interference has not been declared infirm by a state tribunal or in a federal habeas corpus action. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Plaintiff's complaint cannot otherwise be construed to raise a federal question. See 28 U.S.C. § 1331. Accordingly, the district court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction.
 
 
 7
 Finally, defendants' request for sanction is denied. Generally, this court may impose just damages and single or double costs pursuant to Fed.R.App.P. 38 if it determines that an appeal is frivolous, unreasonable or without foundation, Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), or taken for an improper purpose. Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985). However, these sanctions may be imposed only after a separately filed motion or notice from the court and reasonable opportunity to respond. See Fed.R.App.P. 38. Here, no separate motion was filed.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation