**Ronnie WELCH, Plaintiff–Appellant,**

v.

**Jennifer B. COFFMAN, Defendant–Appellee.**

**No. 00–6618.**

United States Court of Appeals, Sixth Circuit.

April 27, 2001.

▇

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

Ronnie Welch, a Kentucky citizen, appeals pro se a district court order dismissing a complaint he filed for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Welch filed this complaint against a federal district court judge, complaining that she had dismissed a previous complaint he had filed. He asked that the original dismissal be overruled and that he be awarded monetary damages from the judge. The district court concluded that there was no basis for jurisdiction alleged, other than an unexplained reference to "Title III," and that the named defendant would be entitled to absolute immunity from monetary damages. The complaint was accordingly dismissed sua sponte. In his appeal brief, Welch appears to be addressing the dismissal of his previous case.

We conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992); Fed.R.Civ.P. 12(h)(3). This court reviews dismissals for lack of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. United States EPA*, 916 F.2d 317, 319 (6th Cir.1990). Review of the complaint filed in this case reveals that the district court correctly found that Welch had failed to allege grounds for jurisdiction as required by Fed.R.Civ.P. 8(a). Some of the attachments indicate that the reference to Title III was intended to raise a claim of unfair labor practices under 29 U.S.C. § 187. Such a claim against a district court judge makes no sense. Welch has made no attempt to explain any basis for jurisdiction on appeal. Rather, he seems to have simply mistakenly assumed that he could appeal a dismissal by one district court judge by suing that judge before another district court judge.

Accordingly, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.