**Ronnie WELCH, Plaintiff–Appellant,**

v.

**Richard H. CAMPBELL,
Defendant–Appellee.**

No. 00–6741.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Ronnie Welch, a Kentucky citizen, appeals pro se a district court order dismissing his complaint for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Welch filed this complaint against an administrative law judge who had issued a decision in a workers' compensation case which Welch disagreed with. He sought to have the decision overturned and to be awarded the compensation he had sought in that proceeding. The district court dismissed the complaint for lack of subject matter jurisdiction, and this appeal followed.

Upon review, we conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint. Fed.R.Civ.P. 12(h)(3); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992). This court reviews dismissals for lack of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). Review of the complaint filed in this case reveals that the district court correctly found that Welch had failed to allege grounds for jurisdiction as required by Fed.R.Civ.P. 8(a). No federal question is apparent, and diversity jurisdiction is also lacking. *See* 28 U.S.C. §§ 1331–32. An appeal from a state workers' compensation claim does not lie in federal court.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.