Ronnie WELCH, Plaintiff–Appellant,

v.

Cathy CASTELLE, Defendant–
Appellee.

No. 00–6691.

United States Court of Appeals,
Sixth Circuit.

June 18, 2001.

Before MARTIN, Chief Judge;
NORRIS, Circuit Judge; QUIST, District
Judge.*

Ronnie Welch, a Kentucky citizen, appeals pro se a district court order dismissing his complaint for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is one of a number of complaints filed by Welch against everyone involved in his failed attempt to reopen his Workers' Compensation claim. Welch injured his lower back and knee in 1978 while working as a roofer. He settled his Workers' Compensation claim for partial disability. In the 1990s, he attempted to reopen his claim to seek additional payments, asserting that his injury had exacerbated his psychological problems. The defendant named in this complaint was an employee

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

of the Kentucky Labor Cabinet, Department of Workers Claims, who wrote a letter to Welch telling him his claim could not be reopened again.

The district court dismissed the complaint for lack of subject matter jurisdiction, and this appeal followed.

 Upon review, we conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint. Fed. R.Civ.P. 12(h)(3); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992). This court reviews dismissals for lack of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir. 1990). Review of the complaint filed in this case reveals that the district court correctly found that Welch had failed to allege grounds for jurisdiction as required by Fed.R.Civ.P. 8(a). No federal question is apparent, and diversity jurisdiction is also lacking. *See* 28 U.S.C. §§ 1331–32.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.