**Ronnie WELCH, Plaintiff–Appellant,**

v.

**Sheila C. LOWTHER, (00–6627); Peter J. Glauber, (00–6668); Thomas A. Dockter, (00–6679), Defendants–Appellees.**

No. 00–6627, 00–6668, 00–6679.

United States Court of Appeals, Sixth Circuit.

Oct. 18, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

Ronnie Welch, a Kentucky citizen, appeals pro se three district court orders dismissing his complaints for lack of subject matter jurisdiction. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

These are three of a number of complaints filed by Welch against everyone involved in his failed attempt to reopen his

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

Workers' Compensation claim. Welch injured his lower back and knee in 1978 while working as a roofer. He settled his Workers' Compensation claim for partial disability. In the 1990s, he attempted to reopen his claim to seek additional payments, asserting that his injury had exacerbated his psychological problems. The defendants named in these complaints seeking injunctive and monetary relief were two administrative law judges and an attorney who were involved in the Workers' Compensation proceedings.

The district courts dismissed the complaints for lack of subject matter jurisdiction, and these appeals followed. Both the district courts and this court denied Welch's motions to proceed in forma pauperis, and he has now paid the filing fee for these three appeals.

Upon review, we conclude that the district courts properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed these complaints. Fed.R.Civ.P. 12(h)(3); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). This court reviews dismissals for lack of subject matter jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). Review of the complaints filed in these cases reveals that the district courts correctly found that Welch had failed to allege grounds for jurisdiction as required by Fed.R.Civ.P. 8(a). No federal question is apparent, and diversity jurisdiction is also lacking. *See* 28 U.S.C. §§ 1331–32.

Accordingly, the district courts' orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.