NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  16a0187n.06
Case No. 15-6095

**FILED**
Apr 01, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHRISTIAN LUBINSKI, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff-Appellant*, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| HUB GROUP TRUCKING, INC., formerly known as Comtrak Logistics, Inc., | ) ) ) | |
| *Defendant-Appellee*. | ) ) | |

Before:  GUY, BATCHELDER, and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Christian Lubinski sued Hub Group Trucking (HGT) in federal court.  In his complaint, Lubinski based federal subject-matter jurisdiction on diversity of citizenship under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), claiming that he is an Illinois citizen whereas HGT is not; he asserted that HGT is incorporated in Delaware with headquarters in Tennessee.  When the district court dismissed Lubinski's lawsuit for failure to state a claim, he appealed and now argues that he was mistaken about HGT's state citizenship and that HGT is actually an Illinois company: hence, there is no diversity of citizenship and no subject-matter jurisdiction, so the district court's decision against him is null and void.

HGT responds that it is a separately incorporated, wholly owned subsidiary of Hub Group Inc., which is headquartered in Illinois, but Lubinski did not sue Hub Group Inc., he sued only HGT.  But HGT did not offer evidence or even assert that its headquarters (or principal place of business) are in Tennessee.  Instead, HGT insisted that, because Lubinski "admitted" in

his complaint that HGT is headquartered in Tennessee, that was enough to establish diversity and rebut the jurisdiction challenge. We do not agree that Lubinski's pleading was an "admission" or that it is of any weight, particularly since HGT filed its motion to dismiss in lieu of an answer and the district court properly based its decision on the pleadings alone, so there has been no discovery and only preliminary opportunity for the admission of evidence into the record.

Because the burden is now on HGT to establish federal jurisdiction, it is problematic that HGT has offered nothing that would do so, other than its untenable theory that Lubinski "admitted" HGT's Tennessee citizenship by pleading that in his complaint. In the ordinary course, "[t]he appropriate remedy is to remand the matter to the district court to sort out the relevant facts and make a factual determination concerning diversity." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). This is the appropriate approach here as well.

Accordingly, we REMAND for the district court to consider the argument and admit the evidence necessary to determine the question of federal subject-matter jurisdiction.