**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0316n.06

CASE NO. 15-6095

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 08, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTIAN LUBINSKI, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| HUB GROUP TRUCKING, INC., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| *Defendant-Appellee*. | ) | |
| | ) | |

Before:  GUY, BATCHELDER, and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  The plaintiff appeals the dismissal of his suit alleging violation of an Illinois statute and unjust enrichment.  We AFFIRM.

**I.**

In 2012, Hub Group Trucking (HGT), a hauling company then known as Comtrak Logistics, contracted with Christian Lubinski as a driver, to haul trailers containing goods using his own semi-tractor truck.  In September 2014, Lubinski—an Illinois citizen—sued HGT in the United States District Court for the Northern District of Illinois, claiming that "[a]lthough [HGT] classifies [drivers such as Lubinski] as independent contractors, the behavioral and financial control manifested over the drivers by [HGT] demonstrates that they are [HGT]'s employees."  R. 1 at 3, ¶ 12.[1]

---

[1] Lubinski actually filed a class action, on behalf of all similarly situated drivers.  For ease of reference, and because the district court made no class determination, we refer herein only to Lubinski individually.

In the complaint, Lubinski claimed that, because he was actually an employee, HGT violated the Illinois Wage Payment and Collection Act (IWPCA), 820 Ill. Comp. Stat. 115/1, by failing to pay him for all the hours he worked and by making unlawful deductions from his pay. Lubinski also charged HGT with unjust enrichment, claiming that HGT had "evade[d] employment related obligations" by mischaracterizing him as an independent contractor.

HGT moved to transfer the case to the Western District of Tennessee, pursuant to the forum-selection clause in the parties' contract, which states, in pertinent part:

> It is understood and agreed that this Lease contract shall be subject to, and shall be governed and interpreted by the laws of the State of Tennessee, and that any action or suit relating to this Agreement shall be brought in the state or federal courts sitting in Memphis, Tennessee, and in no other court.

R. 12-1 at 5, ¶ G. ("Controlling Law" provision). At the same time, HGT moved to dismiss Lubinski's complaint on the dual theories that: (1) because Tennessee law applies, Lubinski cannot bring an Illinois statutory or tort claim against HGT, and (2) because the written contract governed the parties' relationship, Lubinski has no claim for unjust enrichment.

The Northern District of Illinois transferred the case to the Western District of Tennessee and declined to rule on HGT's other motions. After transfer, HGT renewed its motion to dismiss on the same substantive bases. Lubinski responded that (1) the contract's choice-of-law provision is the equivalent of a waiver of IWPCA rights, which the IWPCA prohibits; (2) even if not, an exception in the Tennessee choice-of-law rules protects against an outcome that is contrary to public policy; and (3) the contract is unenforceable.

The district court agreed with HGT and dismissed the complaint, finding that: (1) Tennessee law controlled and, under Tennessee law, Lubinski could not state a claim for violations of the IWPCA, an Illinois law; (2) the contract's choice-of-law provision was not equivalent to an unenforceable waiver of Lubinski's rights; and (3) Lubinski had not claimed unenforceability of the contract in his complaint, but, even if he had, Lubinski could not show

that the contract violated public policy. *See Lubinski v. Hub Grp. Trucking, Inc.*, No. 2:14-cv-02843, 2015 WL 10732716, at *4-5 (W.D. Tenn. Sept. 22, 2015). Lubinski appealed.

On appeal, Lubinski reasserted the same counter-arguments he had raised in the district court, but also raised a new claim challenging our subject-matter jurisdiction by contending that HGT was actually headquartered in Illinois, so there was no diversity of citizenship, no federal subject-matter jurisdiction, and consequently no valid judgment. We remanded the case to the district court to consider this jurisdictional challenge in the first instance and admit any necessary evidence into the record. *See Lubinski v. Hub Grp. Trucking, Inc.*, 634 F. App'x 587 (6th Cir. 2016).

On remand, the district court and the parties established federal subject-matter jurisdiction and the parties moved to reinstitute Lubinski's appeal. Having established our jurisdiction, we re-opened the appeal and now decide it on the merits.

## II.

Lubinski's first argument on appeal is that "the contractual choice-of-law provision *is* the waiver of his rights under the [Illinois] Wage Act," Apt. Br. at 15, so he does not need to demonstrate that it is the equivalent of waiver, and because Illinois law prohibits any such waiver, we must prohibit application of the choice-of-law provision. Lubinski further argues that the district court's analysis is inapposite because the district court misunderstood his theory. HGT replies:

> Choice of law involves the selection of governing rights. Choosing governing rights is different than waiving all rights, a difference which Lubinski's argument fails to recognize. Lubinski did not waive his rights under the IWPCA because, under the choice of law provision to which he agreed, he elected to have his rights be defined and governed by Tennessee law.

Ape. Br. at 28-29. This is both a reasonable assessment and consistent with the law.

Neither Sixth Circuit case law nor Illinois statutory or case law supports Lubinski's theory. *See Banek Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 360 (6th Cir. 1993) ("Providing that waivers and releases are void is not equivalent to voiding choice of law provisions."); *see also Cornell v. BP Am. Inc.*, 2015 WL 5766931, at *4 (N.D. Ill. Sept. 30, 2015) (rejecting plaintiff's argument that a choice of law provision is an impermissible waiver of IWPCA rights); Illinois Dept. of Labor website, "IWPCA Frequently Asked Questions," https://www.illinois.gov/idol/FAQs/Pages/wage-payment-faq.aspx ("You may not have a [IWPCA] claim . . . [i]f the employment contract has a 'choice of law' clause requiring [you] to bring all claims in a state other than Illinois. You must pursue your remedies under the choice of law clause in your agreement and the [Illinois] Department [of Labor] will defer to that process.").

Lubinski argues, in the alternative, that Tennessee's choice-of-law rules do not apply because, pursuant to the Restatement of Conflict of Laws § 187(2)(b), a court will not apply a contractual choice-of-law provision if "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest . . . in the determination of the particular issue." But Lubinski offers nothing of substance to support his claim that Illinois has a "materially greater interest" in the classification of employees as independent contractors (or vice versa) than would Tennessee. This claim fails.

In his other issue on appeal, Lubinski insists that the contract is unenforceable. The district court rejected this claim because Lubinski had not raised it in his complaint. *See Johnson v. Metro. Gov't of Nashville & Davidson Cty*, 502 F. App'x 523, 541 (6th Cir. 2012) ("[T]he district court was limited, as are we, to the facts and legal claims as raised in the pleadings."). In fact, Lubinski had based the claims that are in his complaint on the predicate that there *was* a valid contract. The district court also noted, however, that even if it were to consider this claim, Lubinski could not show that the contract violates public policy, which would be necessary to

4

declare it unenforceable.  Lubinski offers nothing here to overcome either of these deficiencies.  This claim fails as well.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.