**Rose M. CLARK, Plaintiff-Appellant,**

v.

**NATIONAL TRAVELERS LIFE INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 75–1071.**

United States Court of Appeals,
Sixth Circuit.

July 1, 1975.

---

Albert C. Harvey, Thomason, Crawford & Hendrix, Memphis, Tenn., for plaintiff-appellant.

Henry T. V. Miller, Edward P. A. Smith, Memphis, Tenn., for defendant-appellee.

Before PECK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

In this appeal from the denial of a double indemnity payment for accidental death under a life insurance policy,[1] the parties presented for our consideration the questions whether the district court erred in holding that the policy should be construed in accordance with the law of the forum state, Tennessee, and not in accordance with the law of New York, and whether it erred in holding that the law of Tennessee would not permit recovery.

During oral argument, the court raised *sua sponte* the question whether the district court had jurisdiction of the cause under 28 U.S.C. § 1332, the diversity of citizenship statute,[2] because the double indemnity benefits demanded amounted only to $10,000. Supplemental briefs were submitted, and both parties assert that the district court had jurisdiction because appellant in the ad damnum clause of the complaint prayed for damages of "Ten Thousand Dollars ($10,-000.00), plus incidental and consequential damages, all statutory penalty and attorney's fees, costs and interest; and for all other relief."

The dispositive question is whether this request for a statutory penalty and attorney's fee, standing alone in the ad damnum clause and unsupported by any statement showing entitlement to these items of damages provides the amount indispensable for jurisdiction in excess of the $10,000 claim under the policy. *See, e. g., Doucet* v. *Travelers Insurance Co.,* 362 F.2d 263 (5th Cir. 1966). It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met, *e. g., Missouri State Life Insurance Co.* v. *Jones,* 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Peacock & Peacock, Inc.* v. *Stuyvesant Insurance Co.,* 332 F.2d 499 (8th Cir. 1964); *Columbian Na-*

1. The insured, a serviceman, took out a life insurance policy while he was stationed in Korea. It provided that the beneficiary should recover double the amount of insurance benefits ($10,000) if he should die accidentally. On the application, the insured listed New York as his permanent domicile, and Chicago, Illinois, as the domicile of his wife. The policy was delivered to the insured in Korea. Several years later, after a divorce and remarriage, the insured was stationed in Vietnam where he died of an overdose of heroin that he had "snorted." The insurance company paid his widow, the appellant, $10,000, the face amount of the policy, but refused to pay an additional $10,000 because it did not regard the insured's death as accidental under the terms of the policy.

2. This statute provides, in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $10,000,* exclusive of interest and costs, and is between—

(1) citizens of different States . . . .

(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

tional Life Insurance Co. v. Harrison, 12 F.2d 986 (6th Cir. 1926), even though the proofs fail to support the theory upon which this relief is requested as long as the claim was made in good faith. E. g., Rogers v. United Service Automobile Ass'n, 410 F.2d 598 (6th Cir. 1969). And, we observe that both in Tennessee and in New York, the state legislatures have provided for recovery of a monetary penalty from an insurance company that refuses in bad faith to pay a claim. See Tenn.Code Ann. § 56–1105, N.Y. Insurance Law, McKinney's Consol. Laws, c. 28 § 59–a subd. 4.

Nevertheless, in this case, there is no averment that appellee refused in bad faith to make the double indemnity payment, and even the most liberal reading of the complaint[3] required by "notice pleading" discloses only a single claim—that $10,000 is due appellant under the double indemnity terms of the insurance policy. Because there is no "duty [on the part] of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading," Case v. State Farm Mutual Automobile Insurance Co., 294 F.2d 676, 678 (5th Cir. 1961), and because appellant's complaint does not contain "a short and plain statement of the [statutory penalty] claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), the amount in controversy, despite the ad damnum clause, of the complaint, does not exceed $10,000.[4] See Fed.R.Civ.P. 9(b), cf. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Buras v. Birmingham Fire Insurance Co. of Pennsylvania, 327 F.2d 238 (5th Cir. 1964).

Although defective allegations of jurisdiction may be amended, upon terms, in this court, in accordance with the provisions of 28 U.S.C. § 1653, we observe that no motion has been made in this court to permit an amendment. We also observe that appellant's trial brief contains no statement of proofs to be offered in support of any "unmade" contentions of bad faith refusal to pay, and that she did not introduce at trial any evidence that would have supported an allegation of bad faith refusal to pay the double indemnity amount provided for in the policy.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the complaint for want of jurisdiction.

Since the appellant neither alleged nor proved the jurisdiction of the district court and appellee did not raise the fact of its absence, each party will bear its own costs of the appeal.

---

3. The complaint in its entirety states:

COMPLAINT

Comes now the plaintiff, and for her cause of action against the defendant herein, states that:

1. Plaintiff is a resident of the State of Arkansas and has been at all times mentioned herein.

2. Defendant is a corporation duly organized under, and existing by virtue of, the laws of the State of Iowa and is duly qualified and admitted to do business in the State of Tennessee.

3. On or about September 1, 1965, the defendant issued Policy No. L 414 544 insuring the life of Maurice Clark against accidental death in the sum of Ten Thousand Dollars ($10,000.00) for the benefit of the plaintiff. A photostatic copy of the policy referred to is attached hereto, marked Exhibit "A", and made a part hereof by reference.

4. On or about June 12, 1972, the said Maurice Clark died in Vietnam as a result of an accidental cause.

5. Plaintiff has made due demand upon the defendant for payment of the face amount of the aforesaid policy and the defendant has refused payment of accidental death benefits due under said policy.

WHEREFORE, plaintiff prays judgment against the defendant in the amount of Ten Thousand Dollars ($10,000.00), plus incidental and consequential damages, all statutory penalty and attorneys' fees, costs, and interest; and for all other relief.

4. We also observe that the complaint contained no averment that the citizenship of the parties is diverse as required by 28 U.S.C. § 1332. We assume that this defect can be cured by amendment.