54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry WALLACE, Plaintiff-Appellant,
v.
JOHNSON SECURITY, INC., Defendant-Appellee.
 No. 94-5981.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Larry Wallace, proceeding pro se, appeals a district court judgment dismissing his complaint construed to be filed pursuant to the Americans with Disabilities Act, 42 U.S.C. Secs. 1201 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary relief, Wallace filed a confusing complaint, consisting of five paragraphs of what appears to have been a letter written to the United States Equal Employment Opportunity Commission, alleging that the defendant wrongfully discharged him.
 
 
 4
 Upon review of the complaint and the defendant's motion to dismiss, the district court ordered Wallace to file a complaint in compliance with Fed. R. Civ. P. 8(a) and 10. After reviewing Wallace's response to the order and the defendant's second motion to dismiss, the district court dismissed the complaint, with prejudice, for non-compliance with Fed. R. Civ. P. 8(a) and 10. In its order certifying that any appeal in this case would be frivolous, the district court amended the judgment so that the dismissal was without prejudice. Wallace has filed a timely appeal, reasserting his same claims.
 
 
 5
 Initially, we note that the district court did not state the rule upon which it relied to dismiss Wallace's complaint. However, because the district court provided Wallace with an opportunity to file a complaint in compliance with Fed. R. Civ. P. 8(a) before dismissing the complaint, we construe the dismissal to be pursuant to Fed. R. Civ. P. 12(b)(6).
 
 
 6
 Upon review, we conclude that the district court's properly granted the defendant's motion to dismiss because, even if we construe the complaint in a light most favorable to Wallace, and accept all his factual allegations as true, he undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. See Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). Wallace's complaint simply does not provide sufficient detail of his claim to give the defendant fair notice of the claim against it, and the court is not required to create a claim for him. Fed. R. Civ. P. 8(a)(2); Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation