WIDENER, Circuit Judge,
dissenting:
I respectfully dissent. I do not believe that Title VI creates a private right of action for persons who are not direct victims of discrimination so I would affirm the district court’s order granting summary judgment to defendants on plaintiffs Title VI claim. Furthermore, as I do not believe that plaintiff properly presented a First Amendment claim, I would affirm the district court’s dismissal of count two of the complaint.
I.
For Dr. Peters to successfully prosecute a claim of retaliation under section 601 of Title VI, 42 U.S.C. § 2000d, the court must answer three questions in the affirmative: 1) Was plaintiff retaliated against for complaining of intentional discrimination, rather than disparate impact discrimination; 2) Are retaliation claims included within section 601’s prohibition against intentional discrimination; and 3) Is plaintiff a member of the class of persons Congress sought to protect in enacting section 601? While I think insufficient the majority’s rebanee on an “implicit” prohibition to find a private right of action for retaliation under section 601, I note that it is not necessarily required to decide whether section 601 prohibits retaliation, for the judgment of the district court may be affirmed on the ground that Dr. Peters, as a person who was not a direct victim of discrimination, is not within the class of persons Congress sought to protect in enacting Title VI.
Sandoval directs that for a private right of action for retaliation to exist it must be found in a statute created by Congress. Alexander v. Sandoval, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). While Title VI does not create any explicit private rights of action, Guardians Ass’n v. Civil Service Comm’n, 463 U.S. 582, 600, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983), the Supreme Court has interpreted section 601 to prohibit intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (“[I]t is ... beyond dispute ... that § 601 prohibits only intentional discrimination.”); Alexander v. Choate, 469 U.S. 287, 293, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985) (“Title VI itself directly reach[es] only instances of intentional discrimination.”). Although section 601’s prohibition on intentional discrimination is enforceable through a private right of action, private rights of action are limited to the special class of persons Congress sought to benefit. Cannon v. University of Chicago, 441 U.S. 677, 688, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (stating “fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person”); see also Regional Mgmt. Corp v. Legal Servs. Corp., 186 F.3d 457, 463 (4th Cir.1999). Thus, not only must plaintiff prove that section 601 prohibits retaliation, but she must also show that she is “one of the class for whose especial benefit” Title VI was enacted. Texas & Pac. Ry. Co. v. Rigsby, *325 241 U.S. 33, 39, 36 S.Ct. 482, 60 L.Ed. 874 (1916); see also Gonzaga University v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309, 322 (2002) (citing Cannon for the proposition that a statute is privately enforceable under implied right “only where Congress explicitly conferred a right directly on a class of persons that included the plaintiff in the case”).
The court’s duty is to “interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy” for this particular plaintiff. See Sandoval, 532 U.S. at 286, 121 S.Ct. 1511. To determine whether a private right of action for Dr. Peters exists under Title VI, we should look to the language of the statute for “statutory intent is determinative.” Sandoval, 532 U.S. at 286,121 S.Ct. 1511. Section 601 states “no person ... shall on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under” a program receiving federal funding. 42 U.S.C. § 2000d. The plain language of section 601 is limited to those persons who have been “excluded for participat[ing] in, be[en] denied the beriefits of, or be[en] subjected to discrimination” on the basis of race, color, or national origin by a federally funded program. 42 U.S.C. § 2000d. Dr. Peters — as a third party who alleges that she has complained about discrimination against others, but does not allege that she is a victim of discrimination — is not within the class of persons Congress sought to protect in enacting Title VI.
The Eleventh Circuit recently reached a similar conclusion in examining section 901 of Title IX, a statute containing language identical to section 601 of Title VI in describing the persons Congress sought to protect. See Jackson v. Birmingham Bd. of Edna, 309 F.3d 1333 (11th Cir.2002); see also Cannon, 441 U.S. at 694-95, 99 S.Ct. 1946. (“Title IX was patterned after Title VI.... Except for the substitution of the word ‘sex’ in Title IX to replace the words ‘race, color, or national origin’ in Title VI, the two statutes use identical language to describe the benefited class.”). In Jackson, a high school coach of a girls’ basketball team sued a local board of education alleging that the board retaliated against the coach by removing him from his coaching position after he complained of the school’s different treatment of male and female athletic teams. Jackson, 309 F.3d at 1335. In determining that the high school coach did not have a private right of action fon retaliation, the Eleventh Circuit concluded that “review of both the text and structure of Title IX yields no congressional intent to create a cause of action for retaliation, particularly for a plaintiff who is not a direct victim of gender discrimination.” Jackson, 309 F.3d at 1348.
Had Congress intended to extend a private right of action under Title VI to persons other than victims of discrimination it knew how to do so. Title VII of the Civil Rights Act of 1964 contains an anti-retaliation section expressly prohibiting an employer from retaliating against “any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.” 42 U.S.C. § 2000e-3(a). Unlike Title VII, Title VI contains no indication that Congress intended to protect persons who complained of, but were not the victims of, the discrimination prohibited by the statute. Quite simply, the language of section 601 only protects actual victims of race, color, and national origin discrimination. As I do not believe that plaintiff is among the class of persons Congress sought to pro *326 tect in enacting Title VI, I would affirm the district court’s judgment in favor of the defendants on the Title VI claim.
The Eleventh Circuit, in Jackson, alternately held that a private right of action for retaliation does not exist under Title IX based on Sandoval. See Jackson, 309 F.3d at 1344. Because this holding is a matter of statutory construction rather than a Constitutional question, such holding is entitled to equal dignity with the holding that the plaintiff, Jackson, was not within the class meant to be protected by Title IX. I depend on both aspects of Jackson for my disagreement with the majority. As Sandoval points out, 532 U.S. at 286, 121 S.Ct. 1511 (quoting Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 173, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994)), a “‘private plaintiff may not bring a [suit based on a regulation] against a defendant for acts not prohibited by the text of [the statute].’ ” Statutory intent is determinative in determining whether a private remedy exists. “Without it, a cause of action does not exist and the courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute .... [citations omitted] ‘Raising up causes of action where a statute has not created them may be a proper function for common law courts, but not for federal tribunals.’” Sandoval, 532 U.S. at 286-87, 121 S.Ct. 1511.
As was the Jackson plaintiff, a coach of a girls’ basketball team who complained about a school board which he alleged had discriminated under Title IX against girls’ athletics, the plaintiff in this case, Dr. Peters, is at least twice removed from the class of people sought to be protected by the statute. Thus, there is no intent of Congress to protect her against retaliation, as there was no intent of Congress so to protect Coach Jackson.
Jackson was a Title IX case, while Sandoval, as is the case at hand, was a Title VI case. On the authority of Cannon, 441 U.S. at 694-95, 99 S.Ct. 1946, the Jackson court read Titles VI and IX in pari mate-ria as do I. See Jackson, 309 F.3d at 1339. On that account, the holding in Jackson, that there is no cause of action for retaliation, is, for all practical purposes, the holding of a sister circuit on the same question, contrary to the decision of the majority in this case.
II.
As to plaintiffs First Amendment claim, I cannot agree with the majority that plaintiff properly presented a first amendment claim because it is not the responsibility of the district court or this court to create a claim that counsel for plaintiff failed to spell out in her pleadings, briefs, or argument to the district court. See Clark v. National Travelers Life Ins., 518 F.2d 1167 (6th Cir.1975).
While the theory of notice pleadings directs that “counsel’s failure to perceive the true basis of the claim” is not fatal at the pleading stage, 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1219 (2d ed.1990), by the time a case reaches the summary judgment stage, the legal basis for plaintiffs claims should be reasonably apparent in the briefs and arguments presented by counsel. See generally Edwards v. City of Goldsboro, 178 F.3d 231, 241 n. 6 (4th Cir.1999) (noting that issues not briefed or argued on appeal are deemed abandoned). We review district court decisions “in light of what was, in fact, before it[,]” and should not permit, even in pro se cases, which this is not, “fleeting references to preserve questions on appeal” or require “district courts to anticipate all arguments *327 that clever counsel may present in some appellate future.” Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).
Count two alleges that under 42 U.S.C. § 1988, defendants “violated the Constitutional rights of Peters when they retaliated against her for promoting a racially equitable gifted program.” JA 8.* Count two is devoid of references to the First Amendment. The ambiguous language of count two creates a mystery as to what constitutional protection or protections plaintiff sought to invoke.
Moreover, as the case progressed to the summary judgment stage, plaintiff failed to develop her argument to the court to clarify that she was asserting a first amendment claim. Instead, plaintiffs counsel continued to present vague and nonspecific arguments regarding the type of constitutional violation alleged. In fact, the record reveals that plaintiffs counsel on two separate occasions represented to the district court that she was asserting an equal protection claim in count two. See JA 253 (urging district court in response brief opposing summary judgment to “deny the Defendants’ motion for summary judgment on the issue of § 1988 equal protection” (emphasis added)); JA 1216 (stating to district court during summary judgment hearing “I would like to move on to the second count ... and that is the equal protection claim ” (emphasis added)). In light of counsel for plaintiffs representations, I cannot agree with the majority’s conclusion that if “this method of pleading created ambiguity as between a procedural due process or equal protection claim and a First Amendment claim, the facts alleged as the basis for the claim would make it clear that the claim arose under the First Amendment.” Slip op. at 322. Neither is it relevant that the facts asserted in plaintiffs complaint would support a First Amendment claim where, as here, plaintiff failed to present the First Amendment argument to the district court. Cf. Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (holding in the context of exhaustion that even when petitioner presented all the facts supporting constitutional claim, it was error for a court of appeals to decide a constitutional theory not fairly presented to state court). Liberal pleading rules do not require a defendant or the court to hypothesize as to the constitutional protection a plaintiff seeks to vindicate when plaintiff continues to provide unresponsive and contradictory arguments.
*328 Moreover, statements from both the district court and defense counsel should have alerted counsel for plaintiff of the need to clarify her pleadings and argument to the court. See generally JA 1217 (questioning by district court at summary judgment hearing regarding as to why plaintiff “did not brief the free speech issue”); JA 1240 (concluding that “pleadings by plaintiff create a bit of mystery to [the court] as to actually what they are seeking” in count two). Despite the expressed dissatisfaction of the district court, plaintiff did not move the district court, as she might have, to amend her complaint, but instead, now, in effect, seeks permission from this court to amend her complaint to add a First Amendment claim. The facts do not support effectively allowing plaintiff to move to amend for the first time on appeal. Accordingly, I would affirm the district court’s decision that plaintiff failed to state a First Amendment claim.

 Count Two
42 U.S.C. § 1983
(Against the School Board and Against the Individuals in both their Official and Individual Capacities)
45. The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the full protection of the laws.”
46. 42 U.S.C. § 1983 provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of and State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
47. Under 42 U.S.C. § 1983, Defendants, acting under color of state law, may be held liable for their actions in violating the constitutional rights of Peters under the Fourteenth Amendment, namely by retaliating against her because of her advocacy for a racially equitable gifted program in the District.
48. The Defendants violated the Constitutional rights of Peters when they retaliated against her for promoting a racially equitable gifted program in the District.