Edward **RUSSELL**, Plaintiff–Appellant,

v.

**TENNESSEE DEPARTMENT OF CORRECTION, Defendant–Appellee.**

No. 03–6217.

United States Court of Appeals, Sixth Circuit.

April 16, 2004.

Edward Russell, Caruthersville, MO, pro se.

Zachary S. Griffith, Tennessee Attorney General's Office, Nashville, TN, for Defendants–Appellees.

Before GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Edward Russell, proceeding pro se, appeals a district court judgment dismissing his employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 19, 2003, Russell filed a complaint against the Tennessee Department of Correction (TDOC). Russell, an African–American, alleged that he began his employment in an unspecified position with the TDOC on February 1, 1999. Russell alleged that on March 22, 2001, he was discriminated against because of his race and color when the TDOC failed to promote him. The complaint further alleged that Russell's facility manager made racially derogatory statements toward him on March 22 and 27, 2001. After filing a complaint with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Russell filed the instant action. He sought a promotion.

The TDOC filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), to which Russell did not respond. The district court granted the TDOC's motion and dismissed the complaint. Russell has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002), *cert. denied*, 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord James*, 300 F.3d at 689.

 A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept nonspecific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986). Moreover, the court is not required to either guess the nature of or create a litigant's claim. Fed.R.Civ.P. 8(a); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975).

 Upon review, we conclude that the district court properly dismissed Russell's complaint. The complaint simply stated that Russell was denied a promotion because of his race and color. The complaint contained neither details surrounding the alleged denial of a promotion nor any facts supporting such claim. Russell did not allege that he applied for a promotion, was qualified for a promotion, was considered for a promotion, or that a similarly-qualified employee who was not a member of the protected class received a promotion. *See Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir.1999). Thus, even under the most liberal construction, Russell's complaint failed to state a claim upon which relief may be granted.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.