**Lena R. CRADLE, Executor of the Estate of Gilbert Cradle, Plaintiff,**

v.

**MONUMENTAL LIFE INSURANCE COMPANY, Defendant.**

No. CIV.A.2:04CV560.

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 10, 2005.

Jack Ferrebee, Sandpiper Key, Virginia Beach, VA, for Plaintiff.

Lawrence Alexis Dunn, Michael Scott Bucci, Morris & Morris, Richmond, VA, for Defendant.

## MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

Before the Court is the Motion of Monumental Life Insurance Company ("Defendant") to Dismiss the Complaint of Lena R. Cradle ("Plaintiff"). Additionally before the Court is the Motion of Plaintiff, as executor of the Estate of Gilbert Cradle to Remand to State Court. The Court has considered the memoranda of the parties and these motions are now ripe for decision. For the reasons set forth below, this case is **REMANDED** to the Circuit Court of the City of Portsmouth, Virginia.

## I. FACTS AND PROCEDURAL HISTORY

For the purposes of the motions currently before the Court, the Court assumes the following facts are true. On April 11, 1999, Gilbert Cradle ("Cradle") died at his home on 300 Leonard Road in Portsmouth, Virginia. Cradle died because of an accidental fall that caused hyperflexion of his neck, resulting in asphyxiation. Cradle owned a mortgage life insurance policy, issued by Defendant, in which Defendant agreed to pay off Cradle's mortgage on his home. The policy was in effect at the time of Cradle's death. The balance of the first deed of trust note on Cradle's home was approximately $70,000 at the time of his death. Despite repeated demands by Plaintiff for payment of the funds to the estate, Defendant has refused to release the funds on the grounds that Cradle's death was not accidental.

Plaintiff commenced the current action by filing her complaint on August 16, 2004. On September 22, 2004, Defendant filed a Notice of Removal with this Court, on grounds of diversity jurisdiction. The same day, Defendant filed its Answer and Motion to Dismiss for failure to state a claim. Plaintiff filed her Motion to Remand on October 5, 2004. Both parties have since responded to the motions. This matter is now ripe for determination by the Court.

## II. LEGAL STANDARD

Civil actions brought in state courts may be removed to a federal district court, if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction for a federal district court exists in civil actions between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016–17 (4th Cir.1981). In addition to the good

faith of the plaintiff, the court must examine whether it is apparent "to a legal certainty that the claim is really for less than the jurisdictional amount. .." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The party seeking removal to federal court must show at law that the amount being sought by the plaintiff could produce a sufficient award to exceed $75,000. *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir.1996), *cert. denied*, 521 U.S. 1104, 117 S.Ct. 2481, 138 L.Ed.2d 990 (1997).

## III. DISCUSSION

In this case, Plaintiff requests (1) relief for breach of contract in the amount of $70,000 plus interest from the date of Cradle's death; (2) relief under the Virginia Unfair Trade Practices Act ("VUTPA"), Va.Code. Ann. § 38.2–209, for costs and attorney's fees; and (3) relief for Defendant's reckless disregard of Plaintiff's rights in the form of punitive damages in the amount of $1,000,000. Defendant seeks to dismiss the claim for punitive damages, and contends that Plaintiff's action for attorney's fees under VUTPA is premature. Plaintiff contends that in the absence of a claim for punitive damages, this Court should remand this matter to the courts of the Commonwealth of Virginia.

The Court must first determine the question of jurisdiction before it reaches the other issues before it. Here, the parties do not dispute that the parties are citizens of different states. However, the parties disagree as to whether the amount in controversy is sufficient to require the Court to have jurisdiction.

▮ Defendant asserts that Plaintiff has no basis for bringing a claim for punitive damages under the laws of the Commonwealth of Virginia. Under Virginia law, punitive damages are not recoverable under a breach of contract theory or for bad faith in refusing to indemnify pursuant to an insurance contract. *Mohamud v. Monumental Life Ins. Co.*, 138 F.Supp.2d 709, 713 (E.D.Va.2001)(citing *A & E Supply Co. Inc. v. Nationwide Mutual Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir.1986); *Kamlar Corp. v. Haley*, 224 Va. 699, 706–07, 299 S.E.2d 514 (Va.1983)). Plaintiff admits that this is currently Virginia law.[1] (Pl. Mem. Opp. Mot. Dismiss at 3.) Therefore, even if the Court accepted all of Plaintiff's allegations as true, Plaintiff would not be entitled to relief in the form of punitive damages. The United States Court of Appeals for the Fourth Circuit has held that in such a case, the punitive damages may not be considered part of the amount in controversy. *Wiggins*, 644 F.2d at 1017–18. Therefore, Plaintiff's punitive damages claim of $1,000,000 may not be considered in determining the amount in controversy.

▮ Plaintiff's primary claim is for breach of contract. Plaintiff requests $70,000 plus interest from April 11, 1999 for the breach of contract claim. Defendant contends that Plaintiff's request for attorney's fees and costs may be included in the calculation of the amount in controversy when the right to collect fees is statutory. Plaintiff's request for fees and costs would be determined under VUTPA. Plaintiff argues that the amount in controversy should be calculated excluding interest and costs, which would place any po-

---

[1]. Plaintiff indicates that her proposed course of action was to argue for the Virginia courts to adopt new law. The Court notes that the Virginia Supreme Court recently upheld the principle that a tort action is not an appropriate way to remedy a breach of contract. *Filak v. George*, 267 Va. 612, 613–14, 594 S.E.2d 610 (2004)(citing *Kamlar Corp.*, 224 Va. at 706, 299 S.E.2d 514.)

tential award under the $75,000 required by 28 U.S.C. § 1332. However, if a state statute makes "attorneys fees into substantive rights to which the litigants are entitled" then attorney's fees may be considered in calculating the amount in controversy under 28 U.S.C. § 1332. *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983)(citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933)).

Defendant's problem in this case is that Defendant is arguing that Plaintiff's claim for attorney's fees should be dismissed as premature, while simultaneously arguing that the amount in controversy should include Plaintiff's potential claim for attorney's fees. Defendant cannot have it both ways. As Defendant points out, Plaintiff may only recover against Defendant pursuant to Va.Code § 38.2–209 after a judgment has been entered against Defendant. Virginia law provides that:

> in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may reward. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage

or failed or refused to make payment to the insured under the policy.

Va.Code Ann. § 38.2–209(A).

Plaintiff must show that Defendant acted in bad faith in refusing to make payment to the insured. *Joseph P. Bornstein, Ltd. v. Nat'l Union Fire Ins. Co.*, 828 F.2d 242, 245 (4th Cir.1987). "[A] judgment against the insurer acts as a condition precedent to any claim of bad faith in Virginia." *US Airways, Inc. v. Commonwealth Ins. Co.*, 64 Va. Cir. 408, 419–20 (Va. Cir.2004). In *US Airways*, the court granted summary judgment on the issue of bad faith, on the grounds that the claim was premature because no judgment had been entered against the insurer, and dismissed the claim without prejudice. *Id.* Other Virginia courts have addressed an action for attorney's fees pursuant to VUTPA only after judgment was entered against the insurer. *See Nationwide Mut. Ins. Co. v. St. John*, 259 Va. 71, 74–75, 524 S.E.2d 649 (2000)(noting that such an action is typically brought as a declaratory judgment action after a judgment against the insurer); *Haghnazarian v. State Farm Mut. Ins. Co.*, 21 Va. Cir. 140, 140 (Va. Cir.1990)(noting the question of bad faith was excluded from the jury's consideration and fell to the court after the jury found for insured); *cf. Wells v. Travelers Ins. Co.*, 26 Va. Cir. 296, 303 (Va. Cir.1992)(reaching question of bad faith after finding for insured on summary judgment, but within same motion), *overruled on other grounds by Evans v. State Farm Mut. Ins. Co.*, 33 Va. Cir. 411 (Va. Cir. 1994).[2] The Court finds the authority

---

**2.** Several federal district courts have addressed the question of bad faith before judgment in favor of plaintiff had been entered. *See Moorehead v. State Farm Fire & Cas. Co.*, 123 F.Supp.2d 1004, 1008 (E.D.Va.2000)(denying summary judgment against insured on issue of bad faith because the question relied upon the results of trial); *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F.Supp.2d 709, 722 (E.D.Va.2004)(withholding ruling on summary judgment on issue of

bad faith until end of the discovery period); *HHC Assocs. v. Assurance Co. of Am.*, 256 F.Supp.2d 505, 508–12 (E.D.Va.2003)(granting summary judgment on issue of bad faith before issuing judgment on breach of contract). These courts were not faced with the same question before this Court, nor did these courts have the benefit of the *US Airways* opinion to guide analysis of existing Virginia precedent on the matter.

from the state courts to be controlling on this issue, and pursuant to the holding in *US Airways*, the claim under § 38.2–209 may only be brought once a judgment is entered against the Defendant.

The potential attorney's fees available to Plaintiff in this case are distinguishable from those included by federal courts in determining the amount in controversy. In many cases where attorney's fees have been considered to be a substantive right to be included in the amount in controversy, the attorney's fees were statutorily mandated upon a judgment in favor of the plaintiff. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200–01, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir.1997); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982). Two circuits have extended the inclusion of attorney's fees to those that are discretionary by statute. *See Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 873–74 (5th Cir.2002)(holding that statutorily imposed attorney's fees may be included in the amount in controversy whether mandatory or discretionary in nature); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir.1998)(holding that statutorily imposed attorney's fees may be included in the amount in controversy whether mandatory or discretionary in nature). Unlike these cases, the attorney's fees in question in this case are neither mandated nor discretionary solely upon judgment for the plaintiff. Plaintiff is required to make an additional showing of bad faith on the part of Defendant in order to obtain the mandated fees.

Several Circuit Courts of Appeals have found that the amount in controversy may include attorney's fees even if there must be an additional showing made. *See Ross v. Inter–Ocean Ins. Co.*, 693 F.2d 659, 662 (7th Cir.1982)(finding that insurer could not have been acting vexatiously or unreasonably, thus statutory requirement for attorney's fees could not be met); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir.1979)(finding that attorney's fees could be included in amount in controversy when claimed under state law that awarded such fees when a party had been obstinate); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168–69 (6th Cir.1975)(finding that plaintiff did not allege bad faith so attorney's fees could not be included despite statute allowing award of fees in cases of bad faith); *Batts Rest., Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir.1969)(finding that attorney's fees could be included in amount in controversy when claimed under state law that awarded such fees when the insurer's refusal to pay was vexatious and without reasonable cause). These cases would be persuasive to the Court except for one significant difference between those cases and the case before the Court. In the preceding cases, the courts were able to consider the additional required showing prior to any judgment by the courts. In other words, whether the Plaintiff could make a showing of bad faith was a question before those courts for consideration.

In the context of the Virginia statute before the Court in this case, a finding in favor of the insured serves as a condition precedent to the insured's filing of a motion for fees, in which the plaintiff must allege and prove bad faith on the part of the defendant insurer. Therefore, the Court would be forced to speculate as to whether the amount in controversy will exceed $75,000. In a proper application of Virginia law, the Court is not allowed to ascertain the amount of attorney's fees, nor whether the insurer acted in bad faith, until after any judgment. To allow the parties to proceed would place the Court in the awkward position of potentially find-

ing that it does not have jurisdiction after a judgment has been entered.

Jurisdiction under 28 U.S.C. § 1332 must be strictly construed to further the Congressional purpose of restricting the federal diversity caseload. *Snyder v. Harris*, 394 U.S. 332, 339–40, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Under the reading of the statute by Virginia courts, this Court may not even consider the question of the insurer's bad faith nor may Plaintiff properly plead bad faith-until a judgment has been entered against Defendant. The Court finds that it is apparent to a legal certainty that Plaintiff's claim as before this Court at the time jurisdiction must be determined cannot include any amount of attorney's fees under Virginia law. Therefore, the amount in controversy in the claim before the Court is $70,000. This falls below the amount in controversy required by 28 U.S.C. § 1332. Accordingly, Plaintiff's motion is **GRANTED**, and this matter is **REMANDED** to state court.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, in part. Plaintiff's remaining claims are **RE-MANDED** to the Circuit Court of the City of Portsmouth, Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**