**Rhonda TORRES, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. 06–10980.**

United States District Court, E.D. Michigan, Southern Division.

March 14, 2007.

Gary B. Perkins, Rochester Hills, MI, for Plaintiff.

Paul H. Johnson, Jr., Cary R. Berlin, Patrick, Johnson & Mott, P.C., Southfield, MI, for Defendant.

## ORDER OF REMAND

GADOLA, District Judge.

On March 7, 2007, after a jury was selected but before the parties' opening statements, the parties brought to the Court's attention a concern that there may not be a sufficient amount in controversy to satisfy federal diversity jurisdiction. The Court heard arguments and requested that the parties submit briefs on this issue. For the reasons stated below, the Court finds that the amount in controversy is not satisfied, and thus, lacking jurisdiction, the Court remands the case to Macomb County Circuit Court.

This case arises out of an automobile accident that occurred on October 6, 2004, when Plaintiff Rhonda Torres was rearended by another automobile while stopped at a red light in Troy, Michigan. Plaintiff filed a claim for no-fault benefits with her insurance company, Defendant State Farm Mutual Insurance Company. After investigating the claim, Defendant denied Plaintiff coverage after concluding that the injuries suffered by Plaintiff were not related to the automobile accident. Plaintiff then filed suit in Macomb County Circuit Court. On March 6, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. In Defendant's Notice of Removal, Defendant stated that federal court jurisdiction was proper due to diversity of citizenship. Defendant also alleged that the amount in controversy exceeded the sum of $75,000, as required by 28 U.S.C. § 1332(a). Plaintiff did not contest federal court jurisdiction at the time of removal. As the case proceeded to trial, neither party raised the issue of a sufficient amount in controversy for diversity jurisdiction. It was on the morning of the parties' opening statements after a jury had been selected that the parties brought this to the Court's attention, after the parties had calculated Plaintiff's specif-

ic damages and realized that Plaintiff's damages may not exceed $75,000. Though it is unfortunate that the parties did not raise this issue at an earlier time before a jury was selected, the Court cannot ignore this matter. "Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir.1998).

> In addition to giving federal district courts original jurisdiction over cases arising under federal law, *see* 28 U.S.C. § 1331, Congress "has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," "to provide a neutral forum for what have come to be known as diversity cases," *Exxon Mobil [v. Allapattah Servs.]*, 545 U.S. 546, 125 S.Ct. [2611] at 2617, 162 L.Ed.2d 502 [U.S. 2005]; *see* 28 U.S.C. § 1332. "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $ 75,000." *Exxon Mobil*, 125 S.Ct. at 2617.

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821–22 (6th Cir.2006). In this case, Plaintiff seeks damages under Michigan's No–Fault Act for unpaid wage loss, replacement services, and unreimbursed medical and pharmaceutical expenses. *See* M.C.L. § 500.3101 *et seq.* The parties concede that these itemized damages total approximately $67,675, and thus do not exceed $75,000 as required for diversity jurisdiction. Plaintiff also claims attorney fees and penalty interest at a rate of 12% per annum. If either attorney fees or penalty interest are added to Plaintiff's alleged damages, then the jurisdictional amount would be satisfied. Thus, the question is whether attorney fees or penalty interest should be used in determining the amount in controversy required for federal diversity jurisdiction.

The Michigan No–Fault statute itself provides for recovery of attorney fees and penalty interest. *See* M.C.L. §§ 500.3142, 500.3148. Attorney fees and penalty interest, however, are not statutorily mandated upon a judgment in favor of Plaintiff. For an award of attorney fees and penalty interest, an additional showing by Plaintiff is required. In particular, the Michigan No–Fault statute states that an attorney is entitled to a reasonable fee "if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." M.C.L. § 500.3148(1). The statute also states that the 12% penalty interest is available for "overdue" payments and that payments are overdue if not paid within 30 days of the reception of "reasonable proof of the fact and of the amount of loss sustained." M.C.L. § 500.3142. Michigan courts read the provisions granting attorney fees and penalty interest as being complementary to one another. *See Beach v. State Farm Mut. Auto. Ins. Co.*, 216 Mich.App. 612, 550 N.W.2d 580, 588 (1996). Thus, the showing required for obtaining attorney fees and penalty interest is the same: that the insurer was unreasonable in failing to make payments.

■ Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. On its face, this language appears to exclude attorney fees

and interest. There is an exception, however, for penalties and attorney fees that are provided by statute. Analyzing this provision in the case of *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir.1975), the Sixth Circuit Court of Appeals stated: "It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.1975). Several district courts have relied upon *Clark* to find that statutory fees can be considered in determining whether the amount in controversy is sufficient. *See, e.g., Gavriles v. Verizon Wireless*, 194 F.Supp.2d 674, 684 (E.D.Mich.2002) (considering the Michigan Consumer Protection Act); *Eungard v. Open Solutions, Inc.*, 2006 WL 177249 (E.D.Mich. Jan.24, 2006) (considering the Michigan Sales Representative Act). Unfortunately, there appears to be no case law that specifically considers how the penalty interest and attorney fees under the Michigan No–Fault Act should be treated.

■ In considering the question of whether statutory penalty interest and attorney fees under the Michigan No–Fault Act should be used in determining the amount in controversy, the Court finds the discussion in a recent district court case from the United States District Court for the Eastern District of Virginia to be helpful. In *Cradle v. Monumental Life Ins. Co.*, 354 F.Supp.2d 632 (E.D.Va.2005), the court analyzed the approaches taken by different circuit courts on this matter, observing that where attorney's fees were statutorily mandated, the fees were included in the amount in controversy. Citing the *Clark* case from the Sixth Circuit, the court further observed that some circuit courts had found that "the amount in controversy may include attorney's fees even if there must be an additional showing made." *Cradle*, 354 F.Supp.2d at 636.

The *Cradle* court, however, distinguished these cases from the particular case under the court's consideration by noting that they were cases where the "additional showing" could be considered prior to a judgment. *Id.* The *Cradle* court went on to say:

> In the context of the Virginia statute before the Court in this case, a finding in favor of the insured serves as a condition precedent to the insured's filing of a motion for fees, in which the plaintiff must allege and prove bad faith on the part of the defendant insurer. Therefore, the Court would be forced to speculate as to whether the amount in controversy will exceed $ 75,000.... To allow the parties to proceed would place the Court in the awkward position of potentially finding that it does not have jurisdiction after a judgment has been entered.

*Id.* at 636–37.

Here, in this case, penalty interest and attorney fees are granted by the statutory language of the Michigan No–Fault Act. *See* M.C.L. §§ 500.3142, 500.3148. The penalty interest and attorney fees, however, are not mandated upon a judgment in favor of Plaintiff. Instead, similar to the circumstances in the *Cradle* case, the Court must make an additional determination, after a judgment has been rendered, that Defendant unreasonably failed to make payments. This puts the Court in the awkward position of now speculating as to whether the amount in controversy will exceed $75,000. *See Cradle*, 354 F.Supp.2d at 636–37. It is conceivable that should the parties proceed to trial and a judgment is rendered in favor of Plaintiff, this Court might find that Defendant's actions were not unreasonable. Plaintiff would then be unable to recover penalty interest and attorney fees, and consequently, the amount of controversy for fed-

eral diversity jurisdiction would not be satisfied.

It should be noted that Plaintiff originally filed the case in state court, and that it was removed later by Defendant. "A defendant removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). Therefore, the burden is on the defendant to show that the amount in controversy is "more likely than not" met. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993). Even now, on the eve of trial, Defendant concedes in its brief that diversity jurisdiction is uncertain. Because the Court must speculate about whether the amount in controversy will exceed $75,000, the Court finds that the amount in controversy required for diversity jurisdiction cannot be determined at this juncture. Accordingly, the Court cannot exercise jurisdiction over this case. Furthermore, retaining jurisdiction of this action might lead to a jurisdictional challenge made after a jury trial and judgment or even on appeal before the Sixth Circuit Court of Appeals. *See City of Detroit Pension Fund v. Prudential Sec.*, 91 F.3d 26, 29 (6th Cir.1996) (finding that a challenge of jurisdiction may be made at any time, including on appeal after judgment at the trial court). Unlike the situation presented here in federal court, it is undisputed that the state court has full jurisdiction over the entire matter. Accordingly, remanding the case to state court is the more sound and prudent course to take under the circumstances.

The Court finds that having this case proceed to trial in state court, the forum initially selected by Plaintiff, will not prejudice either party and will still enable Plaintiff the ability to pursue all the relief she seeks. With discovery and trial depositions completed and outstanding motions resolved, the parties for both sides are ready to begin trial immediately. Thus, there is no reason to think that the start of trial in Macomb County Circuit Court will be unduly delayed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that this action, **No. 06–10980**, is **REMANDED** to the Circuit Court for the County of Macomb, Michigan.

**SO ORDERED.**