NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0199n.06
Filed: March 24, 2006

No. 04-6495

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

STEVEN L. LEEDS; SUE CUMMINGS;
DOUGLAS WILLIAMS; KENNETH TOLAR,
Individually and on behalf of members of other
business owners in the City of Muldraugh,
Kentucky, similarly situated,

      Plaintiffs-Appellants,

v.

CITY OF MULDRAUGH, MEADE COUNTY,
KENTUCKY; DANNY J. TATE; DONALD B.
BASHMAN; IRVIN DAVIS; LINDA TOLAR;
YVONNE LEE; CURTIS DALE KELLEY;
DAVID WOODWARD; CAROLINE J. CLINE,
City Clerk/Treasurer; EDWARD "LAMAR"
JONES, Chief of Police; DANIEL DRESEL,
Fire Department Chief; HENRY BAILEY,
Planning and Zoning Director; ANTHONY
LEE, Sewer/Water Superintendent; JOHN
SNYDER, Code Enforcement Director; JOHN
CARLSBERG, as former Mayor, City of
Muldraugh,

      Defendants-Appellees.

_____/

On Appeal from the United
States District Court for the Western
District of Kentucky

BEFORE:    RYAN and COLE, Circuit Judges; and SARGUS, District Judge.[*]

    RYAN, Circuit Judge.    The plaintiffs brought this civil suit against the City of

Muldraugh, Kentucky, and a number of its elected officials and municipal employees,

_____

    [*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the
Southern District of Ohio, sitting by designation.

alleging violations of their civil rights under 42 U.S.C. § 1983, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. The district court dismissed the plaintiffs' RICO claims for failure to meet the pleading requirements of Fed. R. Civ. P. 9(b) and it dismissed the plaintiffs' § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs appealed, and the defendants filed a motion for sanctions, arguing that the appeal was frivolous. Because the plaintiffs failed to state a claim upon which relief could be granted, and their appeal had no reasonable probability of succeeding on the merits, we **AFFIRM** the district court's order dismissing the plaintiffs' complaint and **GRANT** the defendants' motion for sanctions.

**I.**

On November 25, 2003, plaintiffs Steven L. Leeds, Sue Cummings, Douglas Williams, and Kenneth Tolar filed this suit individually and on behalf of business owners in the City of Muldraugh, Kentucky, alleging violations of their civil rights under 42 U.S.C. § 1983 and violations of RICO, 18 U.S.C. §§ 1961-1968, through the commission of wire and mail fraud. The plaintiffs sued the city, the present mayor and his predecessor, six council members, and six city employees—the city clerk/treasurer, chief of police, fire chief, planning and zoning director, sewer/water superintendent, and code enforcement officer.

The defendants filed a motion for a more definitive statement of the claim, which the court granted; the plaintiffs then filed their more definitive statement on March 22, 2004.

In a nutshell, the plaintiffs allege that the defendants committed RICO violations by using their city positions for their own benefit, through a pattern of criminal behaviors, including wire and mail fraud. The plaintiffs also allege that the defendants violated 42

U.S.C. § 1983 by:  1) enforcing municipal ordinances in a manner that violated the Equal Protection Clause of the federal Constitution; 2) mismanaging city funds in violation of the Fifth and Fourteenth Amendments; and 3) implementing an unfair and unequal taxation system.

The defendants filed a motion to dismiss the plaintiffs' claims, with prejudice, pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6).  The district court granted the defendants' motion, concluding that the plaintiffs failed to state a cause of action under 42 U.S.C. § 1983 or RICO because they "failed to identify particular federal claims and connect them to sufficiently particularized factual allegations."

The plaintiffs appealed, and the defendants filed a motion for sanctions, arguing that the appeal is frivolous and that the plaintiffs filed it to harass the defendants, increase their litigation costs, and delay the finality of the judgment.

## II.

We review de novo the district court's decision to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In re DeLorean Motor Co., 991 F.2d 1236, 1239-40 (6th Cir. 1993).  We "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  Id. at 1240.

## III.

### A.  RICO Claims

The plaintiffs allege that the defendants violated RICO, 18 U.S.C. §§ 1961-1968, through the commission of wire and mail fraud.  The district court explained that the

plaintiffs failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and concluded that the plaintiffs failed to state a RICO cause of action.

Fed. R. Civ. P. 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "In complying with Rule 9(b), a plaintiff, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted).

The plaintiffs do not address this issue in their appellate brief and have therefore waived it.  See Ewolski v. City of Brunswick, 287 F.3d 492, 516-17 (6th Cir. 2002).  Even if the plaintiffs had addressed the issue, the district court properly dismissed the plaintiffs' RICO claims because they failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).  The plaintiffs failed to describe any specific acts of fraud, and the information missing from the allegations is part of the public record.  Therefore, there is no excuse for the lack of specificity in the allegations, and the plaintiffs failed to state a RICO cause of action.

### B.  42 U.S.C. § 1983 Claims

The district court also dismissed the plaintiffs' claims under 42 U.S.C. § 1983 for failure to state a claim.  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  Nonetheless, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005) (citation omitted). Although Fed. R. Civ. P. 8(a) only requires a "short and plain statement" of the claim, this court is not required to either guess the nature of or create a litigant's claim. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975). Plaintiffs seeking relief under 42 U.S.C. § 1983 must allege, at a minimum, that a person, under color of state law, deprived them of a constitutional or other federally protected right.

In dismissing the plaintiffs' § 1983 claims, the court explained that the plaintiffs failed "to specify what deprivation of a federally protected right arises from any specific conduct," and further stated that "[i]t would be extremely difficult in this case for Defendants to faithfully deny or affirm any of Plaintiffs' allegations as they stand." We agree with the district court that the plaintiffs failed to make more than conclusory allegations and therefore failed to state a cause of action under 42 U.S.C. § 1983.

The plaintiffs' allegations fall into three basic categories: 1) enforcement of ordinances in a manner that deprives the plaintiffs of their equal protection rights; 2) mismanagement of city funds in violation of state law, depriving the plaintiffs of unspecified Fifth and Fourteenth Amendment rights; and 3) implementation of an unfair and unequal taxation system. With the exception of the equal protection claim, the plaintiffs fail to allege what federally protected rights they were deprived of; rather, they merely assert that they were deprived of "their rights under the Fifth and Fourteenth Amendments."

The plaintiffs fail to allege in their equal protection claim how they were treated differently from others similarly situated, much less how they were treated differently without a rational basis. They also fail to allege how the claimed mismanagement of city

funds deprived them of a liberty or property interest. Finally, the plaintiffs fail to allege in their unfair taxation claim how the system treats them differently from others similarly situated or deprives them of a liberty or property interest without due process of law, and they fail to indicate why the Tax Injunction Act, 28 U.S.C. § 1341, does not bar such a claim.

We conclude that the district court properly dismissed the plaintiffs' § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiffs' allegations were merely conclusionary and their complaint failed to allege how they were deprived of a specific federally protected right.

**IV.**

Following the plaintiffs' appeal to this court, the defendants filed a motion for sanctions under Fed. R. App. P. 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927, arguing that the plaintiffs filed the frivolous appeal to harass the defendants and delay the finality of the judgment.

Fed. R. App. P. 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "An appeal is frivolous when the appellant's arguments 'essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" Tareco Props., Inc. v. Morriss, 321 F.3d 545, 550 (6th Cir. 2003) (quoting Wilton Corp. v. Ashland Castings Corp., 188 F.3d 670, 677 (6th Cir. 1999)).

We also have the discretion, under 28 U.S.C. § 1927, to assess excess costs, expenses, and attorney fees directly against an attorney "who so multiplies the proceedings

in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "This standard is met 'when an attorney knows or reasonably should know that a claim pursued is frivolous.'" <u>Tareco Props.</u>, 321 F.3d at 550 (quoting <u>Jones v. Continental Corp.</u>, 789 F.2d 1225, 1230 (6th Cir. 1986)).

Contrary to the plaintiffs' contention, "[a]n appellee does not have to demonstrate that the appellant or his attorneys acted in bad faith to succeed on a motion for sanctions" under Fed. R. App. P. 38 or 28 U.S.C. § 1927. <u>Id.</u>; <u>Wilton Corp.</u>, 188 F.3d at 677.

We agree with the defendants that Rule 38 sanctions are appropriate in this case because the plaintiffs' argument on appeal "had no reasonable expectation of altering the district court's judgment." <u>Wilton Corp.</u>, 188 F.3d at 677. The plaintiffs' incoherent brief on appeal comprises fewer than three full pages of argument and fails even to mention, much less address, all the grounds on which the district court dismissed the complaint. In addition, the plaintiffs failed to file a reply brief, despite the fact that the defendants provided a thorough argument addressing all the grounds upon which the district court dismissed the plaintiffs' claims.

Given the patent legal and factual inadequacy of the plaintiffs' brief, particularly its failure to address the grounds for the district court's dismissal, and the failure to file a brief in reply to the defendants' detailed and cogent arguments supporting the judgment, the plaintiffs' attorney reasonably should have known that the appeal was frivolous, and we impose sanctions on him personally pursuant to 28 U.S.C. § 1927.

**V.**

We **AFFIRM** the district court's dismissal of the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6), and we **GRANT** the defendants' motion for sanctions under Fed. R. App. P. 38 and 28 U.S.C. § 1927.  The defendants will have 30 days to submit to the clerk of this court proper documentation of their expenses in defending this appeal.