**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0198n.06
Filed: April 16, 2008

**No. 07-3630**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Daniel Koehler, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellants, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T  F O R  T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Pension Benefit Guaranty Corp., | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellee. | ) | |

**BEFORE:** **GILMAN, ROGERS, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** In this case, Appellants assert that the district court erred in dismissing their ERISA claims under Federal Rule of Civil Procedure 12(b)(6) because they failed to exhaust administrative remedies. The brief submitted by Appellants' counsel is largely nonsensical, and the 1½ pages of "argument" do not establish any grounds for reversal.

While Appellee has not requested that Appellants' counsel be sanctioned under Federal Rule of Appellate Procedure 38, we believe it appropriate to note that this appeal borders on the frivolous and the sanctionable. *See generally Leeds v. City of Muldraugh, Meade County, Ky.*, 174 F. App'x 251, 256 (6th Cir. 2006) (sanctioning an attorney under Rule 38 because the argument portion of his brief consisted of less than three pages of incoherent argument and no reply brief was filed). Briefs such as Appellants' that fail to present coherent and cogent arguments for reversing a district court's determination are of little assistance to this court, and lead us to believe that counsel "essentially had

no reasonable expectation of altering the district court's judgment based on law or fact." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999). This court demands more of the attorneys that have been admitted to practice before it, and clients deserve more from the attorneys that they have entrusted with their cases. Accordingly, we admonish Appellants' counsel to be ever-mindful of his obligations to both court and client should he have the occasion to file any future appeals with this court.

Based on our review of the briefs, the record, and the applicable law, we find no error in the district court's decision. Because a full opinion would serve no jurisprudential purpose, we **AFFIRM** on the grounds stated in the district court's opinion of April 4, 2007.